IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMOTHY ALLEN FOX, ) | | |
| ) | | |
| Plaintiff, ) | Case No. CV06-431-S-MHW | |
| ) | | |
| vs. ) | **ORDER** | |
| ) | | |
| PRISON HEALTH SERVICES, ) | | |
| CORRECTIONAL MEDICAL SERVICES, ) | | |
| et al., ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

Pending before the Court are the following motions filed by Plaintiff: (1) Motion to Amend/Correct the Complaint (Docket Nos. 17, 33); (2) Motion to Appoint Counsel (Docket No. 31); (3) Motion for Extension of Time to File Response/Reply to Motion to Dismiss (Docket Nos. 32, 38, 44, 53).  Having carefully reviewed the record, the Court has determined that Plaintiff's request to amend the Complaint will be denied at this time, and he will be granted additional time within which to respond to Defendants' Motion to Dismiss.  Because Plaintiff's Complaint may be subject to dismissal based on Defendants' non-exhaustion defense, Plaintiff's request for appointment of counsel will be denied without prejudice.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction

**ORDER  1**

(IDOC), and he is currently being held at the Idaho State Correctional Institution (ISCI). Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging a violation of his civil rights based on the failure to provide medical treatment for a serious medical condition.

The Defendants named in the Complaint are Prison Health Services (PHS), Correctional Medical Services (CMS), and the IDOC. Plaintiff alleges that he entered the custody of the IDOC during November of 1999 and underwent extensive testing at that time. He claims that he was not initially informed that he had hepatitis C, and after additional medical tests in 2001, he was informed that he had the virus. He claims that physicians working for PHS and CMS refused to give him treatment for hepatitis C. He further alleges that he has been experiencing symptoms that he believes indicate liver damage.

After the Initial Review Order was issued in this action, Plaintiff filed two motions, requesting leave to amend his Complaint. The first motion states that he "wishes to include certain IDOC employees in this action . . . for their participation in the ongoing violations of his rights." *Docket No. 17*, p. 1. He claims that IDOC staff were responsible for the policy regarding treatment of patients with hepatitis C. The motion does not include the names of proposed additional defendants, nor does it include a copy of the proposed amended complaint.

Plaintiff's second motion, requesting leave to amend the Complaint, contains the allegation that there has been a delay in his treatment, and he requests leave to add this claim to his lawsuit. *Docket No. 33*, p. 3-4. The motion does not include the names of

**ORDER  2**

those who allegedly caused the delay, nor does it include a copy of the proposed amended complaint.

Plaintiff's Complaint stated that he was "presently attempting to resolve this through the grievance process," but the "grievance process is inadequate to replace the loss of life." *Complaint*, p. 6.  It appeared that Plaintiff was attempting to complete the prison grievance process after he filed his Complaint, and the Court advised him that Defendants would be able to raise the non-exhaustion issue as an affirmative defense to Plaintiff's claims.  The PHS Defendants recently filed a Motion to Dismiss based on the failure to exhaust the prison grievance system.  *Docket No. 29.*  The PHS Defendants claim that Plaintiff did not file any grievances relating to the treatment of his hepatitis C condition until after the Complaint in this action was filed.  These Defendants also assert that Plaintiff filed his Complaint beyond the applicable statute of limitations for his civil rights claim.  Plaintiff requested additional time to respond to the motion

The CMS Defendants also filed a Motion for Summary Judgment, asserting that Plaintiff has failed to show that the private medical provider was deliberately indifferent to Plaintiff's medical condition.  *Docket No. 36.*  Plaintiff requested additional time within which to respond to the CMS Defendants' motion, claiming that he has not had sufficient time to complete discovery.  *Docket No. 53*.

Plaintiff also filed a motion, requesting appointment of counsel for his lawsuit.  *Docket No. 31*.  Plaintiff claims that the issues in his case are too complex for him to handle himself, and therefore, he needs an attorney to represent him in his case.

**ORDER  3**

## DISPOSITION OF MOTIONS

It appears that the PHS Defendants' Motion to Dismiss for Failure to Exhaust will need to be determined as an initial matter because a district court must dismiss inmate cases that are filed prior to exhaustion of administrative remedies. The Supreme Court has recently held that the Prison Litigation Reform Act requires the "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id*. at 2382 (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The *Woodford* opinion makes it clear that prisoners "must now exhaust all 'available remedies,' not just those that meet federal standards." *Woodford*, 126 S. Ct. at 2382.

In *Woodford*, the Supreme Court stated that the exhaustion requirement "gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id*. at 2387. Based on the foregoing standard, Plaintiff must exhaust the prison grievance process before he can pursue his claims against the medical providers and IDOC personnel in federal court.

Plaintiff has requested additional time within which to respond to the PHS Defendants' Motion to Dismiss and the CMS Defendants' Motion for Summary Judgment. The Court will grant his request, but in the event Plaintiff determines that he does not meet the criteria set forth in the *Woodford v. Ngo* case, then he may request the voluntary dismissal of his lawsuit. After he has completed the exhaustion of his claims,

**ORDER  4**

he may re-file the Complaint and include all of the potential claims and defendants in the new complaint.

Based on Defendants' assertion of a non-exhaustion defense, the Court will deny Plaintiff's requests to amend the Complaint and for appointment of counsel.  These motions may be renewed at a later date.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motions to Amend/Correct the Complaint (Docket Nos. 17, 33) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 31) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions for Extension of Time to File Response/Reply to Motion to Dismiss (Docket Nos. 32, 38, 44, 53) are GRANTED.  Plaintiff's response to the Defendants' Motion to Dismiss shall be filed within thirty (30) days of this Order's date.  In the event Plaintiff decides to file a notice of voluntary dismissal, he shall do so within the same time period.



DATED:  **May 29, 2007**

Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  5**