IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMOTHY ALLEN FOX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV06-431-S-MHW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| PRISON HEALTH SERVICES, | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

      Pending before the Court are the following motions: (1) the PHS Defendants' Motion for Summary Judgment (Docket No. 29); (2) the CMS Defendants' Motion for Summary Judgment (Docket No. 36); (3) Plaintiff's Motion to Supplement Motion for Summary Judgment (Docket No. 52); (4) Plaintiff's Motion to Stay (Docket No. 56); (5) Plaintiff's Motion for Copy of Docket List (Docket No. 64); and (6) Plaintiff's Motion for Extension of Time to File Reply (Docket No. 68).

      After reviewing the motions, the Court has determined that oral argument would not significantly assist the Court in resolving the pending motions.  Having reviewed the pending motions and the record in this action, the Court has determined that Plaintiff failed to complete the prison grievance process prior to filing his Complaint in this action.

**ORDER  1**

Therefore, the Complaint is subject to dismissal. The other pending motions in this action are moot.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC), and he is currently being held at the Idaho Correctional Center at Orofino (ICI-O). Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging a violation of his civil rights based on the failure to provide medical treatment for a serious medical condition, hepatitis C. The Defendants named in the Complaint are Prison Health Services (PHS), Correctional Medical Services (CMS), and the IDOC. In the Court's Initial Review Order, Plaintiff was authorized to proceed against the Defendants on his Eighth Amendment claims.

Plaintiff's Complaint stated that he was "presently attempting to resolve this through the grievance process," but the "grievance process is inadequate to replace the loss of life." *Complaint*, p. 6. The Court advised Plaintiff that he could not attempt to exhaust the prison grievance system after he filed his Complaint. He was also informed that Defendants would be able to raise the non-exhaustion issue as an affirmative defense to Plaintiff's claims.

### Exhaustion of Grievance Process

After Plaintiff was authorized to proceed with his claims, the PHS Defendants filed a Motion to Dismiss based on the failure to exhaust the prison grievance system. *Docket No. 29.* The PHS Defendants allege that Plaintiff did not file any grievances

**ORDER  2**

relating to the treatment of his hepatitis C condition until after the Complaint in this action was filed. *Id.*, *Docket No. 29-9,* p. 4. Plaintiff's Complaint was filed on October 20, 2006, and the IDOC recorded two IDOC grievance forms from Plaintiff five days before on October 15, 2006. *Affidavit of Jill Whittington, Docket No. 29-8,* p. 5. Plaintiff appealed the grievances, and completed the final stage of the grievance process in December of 2006. *Id.*

Plaintiff claims that he "fully exhausted his administrative remedies no later than August 30, 2006, and as far back as April 2006." *Docket No. 63*, p. 3. He alleges that he submitted a grievance form in August of 2006, which Defendants failed to answer. *Id.* He also claims that he submitted a grievance in April of 2006, although it appears that the grievance relates to back pain he was experiencing. Plaintiff filed a separate lawsuit pertaining to the alleged failure to treat his back pain. *See Fox v. Blades, et al., CV-05-282-LRS*.

**Statute of Limitations**

Plaintiff claims that he tested positive for hepatitis C in September of 2001. *Affidavit of Timothy Allen Fox, Docket No. 39-5*, p. 2. His health conditions have been monitored in the Chronic Care Clinic (CCC) since that time. Plaintiff claims that he was informed by the nurse at the clinic that he was not eligible for hepatitis C treatment, although at some point, he was allegedly asked to sign a consent to treatment form. *Id.*, p. 2-3.

Plaintiff alleges that after arriving at ICI-O, he met with Dr. Hill, and was

**ORDER  3**

evaluated for hepatitis C treatment in May of 2006. He asserts that Dr. Hill informed him that he should have received a liver biopsy. *Docket No. 39-5*, p. 3. Plaintiff claims that Dr. Hill had him sign a consent form to be treated for hepatitis C, and that he was going to be transported to ISCI for the liver biopsy. Plaintiff further alleges that he sent the August 30, 2006 concern form and a letter to Captain Martin at ICI-O regarding the need for immediate treatment for hepatitis C. *Id.*, p. 4.

Plaintiff claims that he was transported to ISCI in September of 2006, and he believed he would receive the liver biopsy while there. *Id.*, p. 4. He alleges that he was housed in punitive segregation until approximately February 4, 2007, and that he did not receive any medical treatment for the hepatitis C during this time. *Id.*, p. 4-5.

Plaintiff was transported back to ICI-O, and he was allegedly informed that he would be taken to a local hospital for a liver biopsy. This allegedly occurred in early February of 2007. He claims that as of April 2007, he still had not been transported to a local hospital to receive a liver biopsy. He also alleges that he currently suffers from "symptoms related to HCV." *Id.*, p. 7.

The PHS Defendants provided medical care to IDOC inmates between October 1, 2001 through July 11, 2005. CMS provided medical care to the IDOC inmates prior to October 1, 2001, and it is the entity currently providing medical care to inmates. The PHS Defendants assert that Plaintiff filed his Complaint beyond the applicable statute of limitations for his civil rights claim.

The CMS Defendants also filed a Motion for Summary Judgment, asserting that

**ORDER  4**

Plaintiff has failed to show that the private medical provider was deliberately indifferent to Plaintiff's medical condition. *Docket No. 36.* The CMS Defendants' Motion indicates that Plaintiff was referred to a gastroenterologist for a consultation relating to treatment for hepatitis C. The motion indicates that a liver biopsy was recommended, but it is unclear whether the biopsy has occurred. *See Affidavit of April Dawson, M.D.*, *Docket No. 36-8*, p. 8.

## DISPOSITION OF MOTIONS

### Exhaustion of Grievance System

The Court will first address Defendants' Motion to Dismiss for Failure to Exhaust. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006).[1] "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007). The *Jones v. Bock* Court noted the

---

[1] *Cf. Jones v. Stewart*, 457 F.Supp. 2d 1131, 1136-37 (D. Nev. 2006) (if, *at every level of administrative review available*, prison officials review the merits of a grievance that does not meet the applicable procedural rules, such as timeliness, the prisoner has satisfied the administrative exhaustion requirement of *Woodford v. Ngo*).

**ORDER 5**

important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 914.

Where there is an informal and relatively simple prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*, 126 S. Ct. at 2393. In *Woodford v. Ngo*, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system. *Id*. at 2383-84. The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained available to him." *Id*. at 2384.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

**Discussion**

The IDOC has a relatively simple grievance procedure. The inmate first submits an inmate concern form, then a grievance, and then an appeal of the grievance. *See Affidavit of Jill Whittington, Docket No. 29-8*. Plaintiff appears to clearly understand the way in which the IDOC grievance procedure works, and it is evident that he did not

**ORDER  6**

submit documentation showing that his August 2006 grievance form was properly appealed through all required levels of review.  Plaintiff must show that he has brought the failure to treat the disease to the Defendants' attention through the completion of the IDOC grievance procedure.  Plaintiff must follow the proper procedure for notifying both the IDOC and medical provider Defendants that he believes he is entitled to a liver biopsy and then subsequent antiviral treatment for hepatitis C.  The Court no longer has discretion to allow an inmate to complete the grievance procedure in a manner other than that prescribed by the IDOC grievance policy.

Based on the record before the Court, the Defendants have carried their burden to show that Plaintiff failed to complete the prison grievance procedure.  Accordingly, the Complaint is subject to dismissal without prejudice to re-filing it once Plaintiff has exhausted the grievance procedure as to all potential Defendants.

**Statute of Limitations**

The PHS Defendants also seek dismissal of the Complaint with prejudice based on a statute of limitations defense.  Because the civil rights statute provides a remedy but does not itself confer any substantive rights, the statute of limitation period for filing a civil rights suit is the statute of limitations period for personal injuries in the state where the claim arose.  *Wilson v. Garcia*, 471 U.S. 261 (1985).  In Idaho, the statute of limitations for personal injuries is two years.  I.C. § 5-219.

The Court uses federal law to determine when a claim accrues.  *Elliott v. Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994).  The Ninth Circuit has determined that a claim

**ORDER  7**

accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996). Under the "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). Under the discovery rule, a plaintiff "must be diligent in discovering the critical facts," or his claim will be barred if he "should have known in the exercise of due diligence." *Bibeau v. Pacific Northwest Research Foundation*, 188 F.3d 1105, 1108 (9th Cir. 1999).

### Discussion

Defendants argue that Plaintiff filed his Complaint "more than two years after he was aware of his alleged njury." *PHS Defendants' Memorandum of Points and Authorities, Docket No. 29-9*, p. 7. Defendants claim that Plaintiff should have filed his lawsuit for failure to perform a liver biopsy and treat the hepatitis C disease within two years of 2001, the date Plaintiff was informed that he tested positive for the disease.

Plaintiff argues that he was unaware for several years that some of his symptoms may indicate liver damage from the hepatitis C virus. He also bases his request for treatment on a statement Dr. Hill allegedly made to him during 2006, indicating that Plaintiff should have a liver biopsy performed. Therefore, it appears that Plaintiff became aware of a potential injury from failure to treat the disease shortly before he filed the Complaint in this action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996)(an action accrues when plaintiff knows or should know of an injury that is the basis for a civil rights claim).

**ORDER  8**

Plaintiff claims that he only became aware that the alleged failure to provide testing and treatment for hepatitis C could result in liver damage.  Therefore, Defendants' argument that the action accrues when Plaintiff is diagnosed with the disease is without merit.  An individual with the disease can test positive for the illness and be under medical care for the chronic illness long before the liver damage actually starts to occur.  In fact, this appears to be the argument the current medical provider, CMS, has asserted in its pending Motion for Summary Judgment.

Based on the record before it, the PHS Defendants' request for dismissal of Plaintiff's Complaint with prejudice is denied.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the PHS Defendants' Motion for Summary Judgment (Docket No. 29) is GRANTED in part and DENIED in part as set forth above.  Plaintiff's Complaint is dismissed without prejudice to re-filing it.

IT IS FURTHER HEREBY ORDERED that the CMS Defendants' Motion for Summary Judgment (Docket No. 36) is DENIED without prejudice to re-filing it.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Supplement Motion for Summary Judgment (Docket No. 52) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Stay (Docket No. 56) is MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Copy of

**ORDER  9**

Docket List (Docket No. 64) is MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Extension of Time to File Reply (Docket No. 68) is MOOT.



DATED: **August 30, 2007**

Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  10**